400 So.2d 142 (1981)
Anna HOLDEN and Samuel Washington, Appellants,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. YY-95.
District Court of Appeal of Florida, First District.
June 17, 1981.
Diana B. McPherson, of Three Rivers Legal Services, Inc., Gainesville, for appellant Anna Holden.
Richard A. Belz, of Florida Institutional Legal Services, Inc., Gainesville, for appellant Samuel Washington.
*143 Jim Smith, Atty. Gen., Gerald B. Curington, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
This is an appeal from a final order of the Department of Corrections denying appellants permission to be married. We affirm in part, reverse in part, and sustain the order.
Appellants, Anna Holden, and prison inmate Samuel Washington, sought permission to be married from the Department of Corrections. Permission to marry was denied and Holden requested a Section 120.57(1), Florida Statutes (1979), formal administrative hearing. After obtaining a hearing, Washington was granted party status as an intervenor.
At the hearing, the Department agreed that it was not relying upon its internal directive regulating inmate marriages but was instead relying upon its broad statutory responsibility for prison security and rehabilitation of prison inmates in order to determine, on a case by case basis, whether an inmate should be permitted to marry. On behalf of the Department, three expert witnesses testified that appellants' proposed marriage would have an adverse effect upon both prison security and Washington's rehabilitation interests. Appellant Holden testified that the proposed marriage would be psychologically beneficial to Washington. The Hearing Officer found that prospects for Washington's rehabilitation would neither be enhanced nor diminished by the proposed marriage and that the marriage would not adversely affect prison security. Although the Hearing Officer recommended that appellants be permitted to marry, the Department entered a final order denying appellants permission to marry on the grounds that the proposed marriage would adversely affect both prison security and Washington's rehabilitation interests and because Section 944.292, Florida Statutes (1979), automatically suspended Washington's right to marry.
Although we conclude there is sufficient evidence to support the Department's determination that the proposed marriage would adversely affect prison security and Washington's rehabilitation interests, Section 944.292 does not automatically suspend the right of convicted felons to marry. Department of Corrections v. Roseman, 390 So.2d 394 (Fla. 1st DCA 1980). Section 944.292 provides:
Upon conviction of a felony as defined in Section 10, Article X of the State Constitution, the civil rights of the person convicted shall be suspended in Florida until such rights are restored by a full pardon, conditional pardon, or restoration of civil rights granted pursuant to Section 8, Article IV of the State Constitution.
Under Article IV, Section 8(a), Florida Constitution (1968), only the Governor, with the approval of three members of the Cabinet, may grant full or conditional pardons or restore civil rights to convicted felons. In Roseman, supra, we held that "prison inmates have no fundamental right to marry and that noninmates have no fundamental right to marry inmates while they are yet in prison." We went on to hold that the Department of Corrections has statutory authority to promulgate rules on the subject of marriages by prison inmates and that those rules were constitutionally valid although they are not applicable to the present appeal. Consequently, since Section 944.292 expressly limits the mechanism for restoration of civil rights automatically suspended by its operation to that provided in Article IV, Section 8, of the Florida Constitution and the Department of Corrections has authority to regulate inmate marriages, it naturally flows that the right to marry cannot be considered automatically suspended under the Statute. Therefore, we reverse the final order to the extent that it holds that Section 944.292 automatically suspends the right of convicted felons to marry noninmates.
However, there is competent, substantial evidence to sustain the order and the Department's substituted findings of fact as to the adverse effect the proposed marriage would have on prison security and Washington's rehabilitation interests.

*144 In determining whether substantial evidence supports the agency's substituted findings of fact, a reviewing court will naturally accord greater probative force to the hearing officer's contrary findings when the question is simply the weight or credibility of testimony by witnesses, or when the factual issues are otherwise susceptible of ordinary methods of proof, or when concerning those facts the agency may not rightfully claim special insight.... At the other end of the scale, where the ultimate facts are increasingly matters of opinion and opinions are increasingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer's findings in determining the substantiality of evidence supporting the agency's substituted findings.

McDonald v. Department of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977).
Here, the substituted findings of fact did not involve the weight or credibility of testimony, but were concerned with appellant's rehabilitation interests and overall prison security which are clearly areas involving determinations of policy within the department's exercise of delegated discretion. Three expert witnesses testified for the Department, and all essentially concluded that Washington's rehabilitation interests and prison security would be adversely affected by the proposed marriage. On the other side, only appellant Holden testified as to the benefits of the proposed marriage, opining that Washington's attitude would change if the parties were permitted to marry. Consequently, in light of the Department's special expertise and delegated discretion in carrying out its duties regarding rehabilitation and prison security, coupled with the lack of evidence that the proposed marriage would not adversely affect Washington's rehabilitation and prison security, there is competent, substantial evidence to justify the denial of appellants' request to be married.
Accordingly, to the extent that the appealed order denies appellants permission to marry on the grounds that the proposed marriage would adversely affect prison security and appellant Washington's rehabilitation interests, it is affirmed. Otherwise, to the extent the order finds appellant Washington's right to marry is automatically suspended under Section 944.292, it is reversed.
WENTWORTH, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.