JOANOS, Judge,
concurring in part and dissenting in part.
The order appealed from should be affirmed in total.
In cases such as this, where an agency has substituted some findings for those of a hearing officer, we are controlled by the principle of review set forth in McDonald v. Department of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977):
In determining whether substantial evidence supports the agency’s substituted findings of fact, a reviewing court will naturally accord greater probative force to the hearing officer’s contrary findings when the question is simply the weight or credibility of testimony by witnesses, or when the factual issues are otherwise susceptible of ordinary methods of proof, or when concerning those facts the agency may not rightfully claim special insight. . . .
At the other end of the scale, where the ultimate facts are increasingly matters of opinion and opinions are increas *359 ingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer’s findings in determining the sub-stantiality of evidence supporting the agency’s substituted findings.[1]
The hearing officer’s findings of fact did include a determination that certain favorable circumstances would be obtained by the utility in switching its billing cycle from quarterly to monthly. These were that the utility could more quickly detect and repair malfunctioning meters arid water leaks and that the utility’s working capital requirements could be reduced. He determined that the advantages of this were more accurate billing and a minimization of lost revenues. He also found that monthly billing is the usual method employed in the industry. The hearing officer, in effect, balanced the advantages for which no monetary value was proved against the costs of $22,600 to be passed on to the customers and concluded that the switch in billing should be authorized. The PSC, on the other hand, balanced the advantages against the costs to the consumer and reached the conclusion that the change should not be allowed. This was not a question as to the weight or credibility of the evidence. Nor is it a question of what was proved by the evidence. The question of whether the advantages to the utility outweighed the costs to the customer was one of opinion and loaded with policy considerations. Under the McDonald standard it was the PSC that had the “special responsibility” to consider the “policy considerations” involved in the decision and its exercise of that discretionary duty was not abused here.

. This principle is also quoted with approval in Holden v. Florida Department of Corrections, 400 So.2d 142, 144 (Fla. 1st DCA 1981).