PER CURIAM.
The City of Fort Lauderdale, appellee, cited appellant, Ads In Motion, Inc., for violation of Section 47-50.3(s) Municipal Code, which totally prohibits “snipe signs.” Appellant brought suit for declaratory and injunctive relief, and here appeals the trial court’s finding that the ordinance is valid and that appellee properly applied it to appellant.
Appellant operates moving billboards. It rents advertising space on a large sign mounted on a truck, or on a trailer pulled by a truck, which moves through the streets of Fort Lauderdale. These signs never become affixed to land, even temporarily, but circulate throughout the city with their messages. Section 47-50.2(21) defines a snipe sign as
Any sign or any material including, but not limited to, paper, paint, cardboard, plastic, wood and metal when such sign is attached in any way to trees, motor vehicles, trailers, or waterborne craft or other objects used for advertising purposes.
Appellant contends that the Municipal Sign Ordinance as a whole coupled with appel-lee’s prior pattern of enforcement indicates that the blanket prohibition of snipe signs was never intended to encompass his business, or alternatively, that appellee has selectively enforced the ordinance against appellant but not against other snipe sign owners. We agree with the alternative contention, and reverse.
As defined in the ordinance, a snipe sign includes appellant’s signs; advertising signs affixed to taxi cabs and county buses; signs advertising the business of the vehicle’s owner (e.g., delivery trucks); certain commercial bumper stickers; and “for sale” signs affixed to private passenger vehicles. Brief reflection will bring to mind many other examples. Appellee concedes that it *807 has not attempted to enforce the snipe sign prohibition against anyone except appellant and others in the business of selling moving advertising.
Appellee distinguishes between appellant’s business and others on the basis that appellant’s primary purpose is to sell advertising. But for the advertising purpose, these vehicles would not be on the streets, while delivery vehicles, taxi cabs and county buses would operate in their usual manner whether they contained advertising or not. Appellee attempts to read case law into its ordinance to accomplish this end.
Railway Express Agency, Inc. v. People of State of New York, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949) is the mainstay of appellee’s argument. Therein, the Supreme Court upheld an ordinance which provided:
No person shall operate, or cause to be operated, in or upon any street an advertising vehicle; provided that nothing herein contained shall prevent the putting of business notices upon business delivery vehicles, so long as such vehicles are engaged in the usual business or regular work of the owner and not used merely or mainly for advertising.
Appellee’s ordinance, however, does not contain any classification at all, much less the classification which the Supreme Court upheld in Railway Express. Even if such a classification could be read into the ordinance, appellee has failed to meet appellant’s selective enforcement argument. The aggrieved petitioner in Railway Express operated an express business and sold advertising space on its vehicles to others as a secondary source of income, as do taxi cabs and county buses operating in the City of Fort Lauderdale. Under no construction can we discern a “primary purpose-secondary purpose” distinction in appellee’s ordinance.
The trial court erred in its finding that the provisions of Sections 47-50.3(s) and 47-50.2(21) as enforced against appellant constituted valid exercises of the municipal police power and as such were constitutional in all respects. We reverse and remand for entry of judgment in favor of appellant. In so doing we do not forever endorse the proliferation of large moving billboard signs which are obviously distracting and certainly aesthetically unattractive. However, if the City is to prevent them it must do so appropriately and not seek to have the courts distort the existing ordinances for its convenience.
REVERSED and REMANDED.
LETTS, C.J., and BERANEK and DELL, JJ., concur.