472 So.2d 1336 (1985)
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellant,
v.
E.T. LEGG & COMPANY, Appellee.
No. 84-718.
District Court of Appeal of Florida, Fourth District.
July 24, 1985.
Ella Jane P. Davis and Franz E. Dorn, Appellate Attys., and A.J. Spalla, Gen. Counsel, Tallahassee, for appellant.
Charles C. Papy, III, of Papy, Poole, Weissenborn & Papy, Coral Gables, for appellee.
PER CURIAM.
This is an appeal from a final order holding that the Department of Transportation (DOT) did not have jurisdiction to impose its regulations within city limits and that the DOT had selectively enforced its rules against the appellee, E.T. Legg & Company.
The trial court held that Chapter 479, Florida Statutes (1979), does not grant jurisdiction to the DOT within incorporated cities in the state. The types of advertising signs permitted and those prohibited are set out in sections 479.11 and 479.111, Florida Statutes (1981). The DOT argues that the legislative intent of statewide application of the statutes are evidenced by the language of these sections and also the sections dealing with revocation of a license, 479.05, or permit, 479.08, and section 479.10 dealing with removal.
Legg argues that Chapter 12-10, Florida Administrative Code, supports its position that the DOT has no jurisdiction within incorporated cities. The following sections are relevant:
14-10.01 Purpose. To define the methods used by the Department to control *1337 the use of outdoor advertising, advertising signs and advertising structures along all the Interstate and Federal Aid Primary Highway Systems, and State Road Systems outside the corporate limits of cities and towns.
14-10.02 Scope. Acting under the authority of Chapter 479 of the Florida Statutes, the Agreement between the United States Department of Transportation and the Governor of the State of Florida, ratified by the Florida Legislature on March 2, 1972 and made a part hereof (14-10.09), and Title 23, Section 131, U.S. Code as implemented by Federal Highway Program Manual, Volume 7, Chapter 6, Section 2, the department shall effectively control or cause to be controlled, the erection and maintenance of outdoor advertising, advertising signs and advertising structures along all the Interstate and Federal-Aid Primary Highway Systems, and State Road Systems outside the corporate limits of cities and towns. This procedure explains the methods of control, i.e., licenses, permits and inspections.
In our view, the plain meaning of Chapter 14-10.01, 14-10.02, and Chapter 479, Florida Statutes (1979), seems to be that the DOT controls advertising structures (1) along all the interstate and federal aid primary highway systems and (2) state road systems outside of cities and towns.
In Empire Outdoor Advertising v. Department of Transportation, 438 So.2d 851 (Fla. 1st DCA 1983), an advertising company appealed from an order of the DOT which directed the removal of an outdoor advertising sign. The First DCA affirmed and noted that there was competent substantial evidence to support the hearing officer's ruling that 27th Avenue (the location of the sign) in Miami was a federal aid primary highway. Thus, it seems implicit in the DCA's ruling that the DOT had authority over federal aid primary highways in Miami.
In the City of Lake Wales v. Lamar Advertising Association of Lakeland, 414 So.2d 1030 (Fla. 1982), the DCA had upheld the trial court's decision declaring a municipality's sign ordinance to be unconstitutional because it distinguished between on-site and off-site signs. The DCA had also held that the state highway beautification program does not preempt municipal regulations which establish more stringent requirements than those set out in Chapter 479, Florida Statutes (1979). The Supreme Court specifically approved of this latter holding, although it went on to reverse the decision of the DCA which held the ordinance to be unconstitutional. 414 So.2d 1032.
These two cases seem to indicate that the DOT has jurisdiction over federal aid primary highways throughout the state, but that municipalities can establish rules which are more stringent than those of Chapter 479, Florida Statutes.
Further, the fact that the signs were properly licensed by the City of Pembroke Park does not change this result. In La Pointe Outdoor Advertising v. Florida Department of Transportation, 382 So.2d 1347 (Fla. 4th DCA 1980), the owner of an outdoor advertising sign near I-95 in Palm Beach County appealed from a final action of the DOT which ordered the removal of his sign. The DCA held that although the owner had received a building permit for the outdoor advertising sign from the county, the sign violated the spacing requirement of the DOT. The court cited section 479.15(1), Florida Statutes (1977), which provided that "no zoning board or commission nor any other public officer or agency shall permit any advertisement ... which is prohibited under the provisions of this chapter... ." In the case at bar, we hold that the trial court erred in holding that the DOT had no jurisdiction within incorporated cities.
However, we hold that whether there was selective enforcement was a question of fact to be determined by the trier of fact and there is competent substantial evidence in the record to support the ruling of the trial court. Once a state accords its citizens a right, it must accord it *1338 to all without invidious discrimination or run afoul of the equal protection clause. Pedrero v. Wainwright, 590 F.2d 1383 (5th Cir.), cert. denied, 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310 (1979). In Ads in Motion-Florida, Inc. v. City of Fort Lauderdale, 429 So.2d 806, 807 (Fla. 4th DCA 1983), the court held that a selectively enforced ordinance is an invalid exercise of police power. The trial court found that DOT regulations had been selectively enforced against Legg. The primary evidence to support this argument was a violations register which was kept by Fred Harper, the District 4 director for DOT.
Legg argues that the DOT singled it out and that its signs were the only ones actually removed in Harper's district by the DOT since the register was started. Legg argues that although numerous competitors of Legg's were given citations for violations, and although takedown orders were issued for competitors, none of them actually had their signs removed; whereas Harper obtained the assistance of DOT's maintenance department to remove Legg's signs. The testimony of Mr. Harper at trial indicated that numerous advertisers had signs in violation of the statutes and code and yet their signs were not removed. His testimony also indicated that some years there was no money budgeted for his department for the removal of illegal signs. Sometimes the DOT requested help from maintenance to remove a sign. During the relevant time frame (1979) the DOT did not receive additional funds for the removal of signs, so that maintenance was requested to help. Apparently, however, no other advertisers' signs were removed during this period. Thus, in our view there was an adequate basis for the trial court's determination that there had been selective enforcement of the laws.
Accordingly, we hold that the DOT has jurisdiction within incorporated cities along all interstate and federal aid primary highway systems, although the city may enact more stringent regulations; but we affirm the judgment of the trial court concluding that the DOT selectively enforced its rules and regulations.
GLICKSTEIN, J., and GOLDMAN, MURRAY, Associate Judge, concur.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part:
I differ with the majority opinion only on the issue of selective enforcement. I would hold that the proof was insufficient to establish selective enforcement.