493 So.2d 33 (1986)
James E. HAMMOND, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. BG-195.
District Court of Appeal of Florida, First District.
August 11, 1986.
*34 Gerald Holley, Chipley, for appellant.
Franz E. Dorn, Dept. of Transp., for appellee.
WENTWORTH, Judge.
Appellant seeks review of an administrative order by which the Department of Transportation (DOT) determined that a commercial zoned area was created primarily to permit outdoor advertising structures. DOT refused to recognize such zoning and ordered removal of appellant's unpermitted signs. We affirm the order appealed.
Appellant owns two outdoor advertising signs located along Interstate 10 (I-10) in Holmes County, Florida. DOT issued notices of violation, alleging "no state sign permit" and "an unpermittable zoning." Appellant requested an administrative hearing and asserted that the signs are located within a commercial zoned area of an incorporated municipality. DOT responded that the involved commercial zone was created with the primary intent of allowing outdoor advertising structures, and that pursuant to Florida Administrative Code Rule 14-10.05(6) it could thus refuse to recognize such zoning action.
The City of Ponce de Leon annexed the area in question by an ordinance which specified that a 100 foot wide strip of land along either side of I-10 be zoned commercial, with the remainder of the annexed parcel being zoned agricultural.[1] This commercial strip is largely without utility service or significant highway access, other than in the immediate vicinity of the I-10 and State Road 81 interchange.[2]
Appellant's expert witness suggested that comprehensive zoning plans may encompass anticipated future use, but admitted that at present "one of the highest and best uses" for the I-10 commercial strip would be outdoor advertising. DOT's expert witness expressed his opinion that the commercial strip was zoned for the primary purpose of permitting outdoor advertising structures. This witness explained that he had considered the configuration and location of, as well as the lack of any other reasonable use for, the commercial strip.
The hearing officer determined that Ponce de Leon's annexation and zoning ordinance was duly and properly adopted, without detriment to adjoining properties.[3] Characterizing DOT's position as "speculative," the hearing officer found the contested area to be "properly zoned pursuant to properly enacted zoning ordinances." However, DOT rejected the hearing officer's recommendation to the contrary, and concluded that the area was zoned commercial for the primary purpose of permitting outdoor advertising structures. Declining to recognize such zoning, DOT ordered that appellant's signs be removed.
Appellant now asserts that DOT lacks regulatory authority within municipal *35 boundaries. But section 479.02(2), Florida Statutes, expressly directs DOT to regulate advertising signs along the interstate highway system without limitation as to the location of such highways. And Florida Administrative Code Rules 14-10.01 and 14-10.02 also address DOT's authority to control advertising signs and structures along the interstate highway system; such authority is not constrained by municipal boundaries. See Florida Department of Transportation v. E.T. Legg & Co., 472 So.2d 1336 (Fla. 4th DCA 1985).
Appellant further asserts that DOT improperly rejected the findings contained in the hearing officer's recommended order. While it is generally indicated that a hearing officer's factual findings should not be rejected unless lacking adequate evidentiary support, such findings are entitled to less deference insofar as they address issues which are not susceptible of ordinary proof or which are dependent upon matters of opinion infused by policy considerations within the ambit of the agency's expertise. See Holden v. Florida Department of Corrections, 400 So.2d 142 (Fla. 1st DCA 1981); McDonald v. Department of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977). Florida Administrative Code Rule 14-10.05(6) provides that:
... Action which is ... created primarily to permit outdoor advertising structures is not recognized as zoning for outdoor advertising control purposes and permits will not be issued for signs in those areas.
The record evidence overwhelmingly establishes that the only reasonable use of the contested commercial zone in the present case is for outdoor advertising. We conclude that DOT was entitled to reject any contrary recommended findings in determining that the area was zoned with the primary intent that it be used for the erection of such advertising structures.
Appellant having presented no other point of reversible error,[4] we affirm the order appealed.
SMITH, J., concurs.
BOOTH, C.J., dissents with written opinion.
BOOTH, Chief Judge, dissenting.
We should reverse the order below and remand for entry of an order in accordance with the order of the hearing officer, which order is, in pertinent part, as follows:
The sign is located in an area which is zoned commercial, and this zoning was in place prior to the erection of the sign. In denying the application, the Petitioner has taken the position that the sign, which is within 660 feet of Interstate Highway 10, is located in an area which is "strip zoned" and is, therefore, improperly zoned.
... .
The entire incorporated limits of Ponce de Leon is zoned, and the commercially zoned area in question is a part of the comprehensive zoning of this municipality. The city's annexation ordinances, zoning ordinances, and zoning map have been duly and properly adopted by the City Commission. There is no evidence that they were improperly enacted.
The bulk of the Petitioner's testimony was to the effect that the commercially zoned area where the subject sign is located, because of its size and shape and lack of access roads, is insufficient for the location of commercial businesses. However, there was no showing that this zoned area is out of context with the proper use of property adjoining it along Interstate 10 and around the intersection with State Road 81, nor was the zoning shown to be detrimental to the adjoining *36 properties or the proper enjoyment and use of the adjoining properties.
The Respondent's expert zoning witness testified that the commercially zoned area is not "specifically unusual, unique or out of the ordinary", and that this zoning resulted in no damage to adjoining property owners or to the health, welfare, and safety of the community.
... .
CONCLUSIONS OF LAW
... .
The Department does have the authority under Rule 14-10.05(6), Florida Administrative Code, to not recognize zoning "action which is not a part of comprehensive zoning and is created primarily to permit outdoor advertising structures" as proper zoning for outdoor advertising purposes. However, the Department's contention that the subject area has been zoned primarily to permit signs is speculative, and not supported by the entire record. The weight of the evidence in the record in this case establishes that the commercial zone where the subject sign is located is properly zoned pursuant to properly enacted zoned ordinances. Therefore, this sign being erected in a commercially zoned area, it falls within the above exception to the prohibition contained in Section 479.11(1), Florida Statutes, and thus is legally in place and should be permitted pursuant to Section 479.07(1), Florida Statutes... .
The Department erred in rejecting these findings of fact and conclusions of law, and should be reversed.
NOTES
[1] An initial draft of a comprehensive land use plan prepared by the Holmes County Planning Commission, in cooperation with the Commission of the City of Ponce de Leon, was shown to have contained a statement that:

It is the intent of this plan that a strip of land 50 feet wide, lying on either side of I-10 and extending east and west ... from S.R. 81 interchange, be considered commercial, for the express purpose of allowing ... signs along the interstate highway . .. in conformity with the provisions of Chapter 479, Florida Statutes.
[2] Appellant's two signs are located 1.45 and 1.85 miles from the State Road 81 interchange.
[3] In placing substantial emphasis on whether the zoning ordinance was duly and properly adopted, and whether the commercial zone detrimentally affects adjoining properties, the hearing officer did not entirely focus upon the essential question as to whether the zoning was enacted with a prohibited intent.
[4] Among other issues, appellant also suggests that principles of equal protection should require that his signs be permitted since two permitted signs already exist within the same commercial zone. However, DOT repeatedly resisted issuance of such other permits, and capitulated only after failing to secure a favorable determination before a hearing officer. The present case involves an alternative rationale not addressed with regard to the other permitted signs. We find that the circumstances do not present any significant issue of equal protection.