FERGUSON, Judge.
Garcia-Cantero is a firearms training instructor certified by the Division of Licensing. He appeals a final administrative order imposing fines for two violations of firearm training regulations. In count I of the administrative complaint, the Division charged the instructor with misconduct by failing to require that students fire 180 rounds of range training as prescribed in the Training Aids section of the Division’s manual. In count II of the complaint, it is alleged that the instructor committed fraud in certifying that he had given twenty-four hours of training to forty-six students to whom he had actually given less than ten hours of training. We reverse the finding of a violation on count I and affirm as to count II.
The Firearms Instructors’ Training Manual, which is codified as an administrative regulation under rule 1C 3.106, Florida Administrative Code (1992), provides as follows:
III. Training Aids
B. A minimum of 180 rounds of .38 caliber ammunition per student of which 120 rounds shall be used to qualify two times, of which the high score shall be recorded on a form prescribed by the Department of State ... and sent to the Division of Licensing. Note: Additional rounds may be required for practice and qualification by Firearms Instructor if the student fails to qualify with the initial 180 rounds fired....
Section IV of the manual, entitled “Measure of Competencies” provides that a qualifying round consists of sixty rounds and that a perfect score is 300 points. It is further agreed, in accordance with the manual, that a student passes the test with a score of 70% or 210 points on any qualifying round — regardless of the score in the other qualifying or practice rounds.
We agree with the instructor that the manual can be reasonably interpreted as permitting, but not requiring, that 180 rounds be fired for range training, and that less than 180 rounds may be fired if the student can demonstrate proficiency in firing one qualifying round. No rationale is offered by the Division for requiring the firing of additional rounds after the student has passed the test with a score of 210 points or better in the first qualifying round.
Although an agency generally has wide discretion in interpreting a statute it enforces, exercise of that discretion is subject to closer scrutiny when the rule or statute being interpreted authorizes sane- *806 tions or penalties against a person’s professional license. See Elmariah v. Department of Prof. Reg., 574 So.2d 164 (Fla. 1st DCA 1990) (agency’s discretion in interpreting a statute somewhat more limited where penalties may be imposed for violation). Further, a hearing officer’s findings are entitled to less deference when they depend less on facts than on matters of opinion influenced by policy considerations. Hammond v. Department of Trans., 493 So.2d 33 (Fla. 1st DCA 1986). In this case there are no factual disputes. Because (1) in the framework of the entire manual the rule is facially unclear, (2) there are no redeeming policy considerations behind the Division’s interpretation of the rule, and (3) serious penalties may follow from a finding that the rule has been violated, the want of clarity must be resolved in favor of the licensee.
Section 493.6115(8), Florida Statutes (1991), controls the outcome of count II which alleges that the instructor committed an act of misconduct in certifying that forty-six students had received twenty-four hours of range and classroom training. The statute requires:
A Class “G” licensee shall satisfy minimum training as established by the rule of the department, which criteria shall include, but is not limited to, 24 hours of range and classroom training taught and administered by a Class “K” licensee ... The department shall, effective October 1, 1992, increase the minimum number of hours of firearms training required for Class “G” licensure by 4 hours and shall subsequently increase the training requirement by 4 hours every 2 years, up to a maximum requirement of 48 hours.
The instructor, apparently, hitches his argument on this point to the meritorious argument he makes as to count I. But section 493.6115(8), unlike the rule involved in the other point, is clear in both letter and spirit. There is no merit to the instructor’s suggestion that the statute, may be construed to permit a waiver of the minimum twenty-four hours of range and classroom training simply because the student is able to qualify without firing the full 180 rounds. An agency’s construction of a statute that it is charged with enforcing will not be disturbed by the courts unless it is clearly unauthorized or erroneous. PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla.1988).
On remand the agency is to reconsider the penalty in light of our determination that the finding of a violation as to one of the two counts is erroneous. Florida Real Estate Comm’n v. Webb, 367 So.2d 201 (Fla.1978); LaRossa v. Department of Prof. Reg., 474 So.2d 322 (Fla. 3d DCA 1985).
Affirmed in part, reversed in part, and remanded for further consistent proceedings.