348 So.2d 681 (1977)
Johnnie JONES (Willie Felton), Appellant,
v.
FLORIDA PAROLE and PROBATION COMMISSION and Louie L. Wainwright, Director of the Department of Offender Rehabilitation, Appellees.
No. EE-440.
District Court of Appeal of Florida, First District.
August 10, 1977.
*682 Kenneth S. Feldman, Halpern, Shenberg & Langer, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellees.
RAWLS, Acting Chief Judge.
This appeal is from the trial court's order denying a petition for writ of habeas corpus directed to appellees, Florida Parole and Probation Commission and Louie L. Wainwright, Director of Offender Rehabilitation. After conducting an evidentiary hearing, the Commission found that appellant Jones had violated the terms of his parole by participating in the robbery of certain named individuals.
Necessitating a reversal is the lack of evidentiary climate present in the course of the revocation hearing, which was cogently summed up at the outset of same by one of the commissioners who stated: "... [W]e are not bound by any rules of evidence... ." The transcript of the proceedings confirms this statement. In the order denying the petition, the trial judge correctly found that revocation of parole may not be based solely on hearsay. Hampton v. State, 276 So.2d 497 (Fla.3rd DCA 1973). He incorrectly held that a sworn statement which had been given by appellant's alleged girlfriend was not of hearsay character, and thus sufficient to sustain the action of the Commission. The record in this proceeding does not reflect one iota of evidence that is not hearsay. We are fully cognizant that a revocation hearing is not a traditional adversary criminal trial, and evidentiary proof is not required to follow strict rules of evidence. Singletary v. State, 290 So.2d 116 (Fla.4th DCA 1974). Yet, some valid legal evidence must be adduced prior to hearsay testimony being admitted.
Reversed and remanded without prejudice to the Commission to conduct further proceedings upon the alleged violation.
SMITH and ERVIN, JJ., concur.