421 So.2d 693 (1982)
Vincent BEKIEMPIS and Home America Realty, Inc., Appellants,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Board of Real Estate, Appellee.
No. 82-187.
District Court of Appeal of Florida, Second District.
November 3, 1982.
Malcolm V. McKay of McKay & Thomas, Tampa, for appellants.
Salvatore A. Carpino, Tallahassee, for appellee.
RYDER, Judge.
Bekiempis and Home America Realty, Inc. appeal from the order of the Department of Professional Regulation (Department), Board of Real Estate (Board), suspending their real estate broker's licenses and imposing fines. We reverse.
Appellee Department of Professional Regulation filed several administrative complaints against Bekiempis and Home America. One complaint directed at Bekiempis involved misrepresentation during the sale of a home to Ronald Faber. Following a hearing, the hearing officer made findings of fact and concluded that all the administrative complaints should be dismissed. In regard to each alleged misrepresentation in the Faber complaint, the recommended order found that either the evidence was insufficient or that no intentional misrepresentation, as contemplated by Section 475.25(1)(a), Florida Statutes (1975), occurred.
Appellee Department filed exceptions to the recommended order accepting the hearing officer's findings of fact but objecting to the conclusions of law and recommendations. The exceptions requested the Board to make supplemental findings of fact "as to those areas in which the Hearing Officer did not make findings of fact," that Bekiempis did make the misrepresentations as charged. The Department then asked that the Board find Bekiempis guilty of violating Section 475.25(1)(b), Florida Statutes (1975), by false promises, misrepresentation, fraudulent scheming, and breach of trust, and suspend or revoke his license, and fine him $1000. The final order rejected the recommended order of the hearing officer to the extent the findings of fact and conclusions of law were inconsistent with the Department's exceptions and adopted by *694 reference the findings of fact and conclusions of law contained in the exceptions. The order suspended the license of each respondent, Bekiempis and Home America, for one year and fined each $1000.
On appeal, the parties agree that Home America was not a party to the complaint regarding Faber. It was thus error for the Board to suspend its license and impose a fine for violations in that case. We therefore reverse the final order as to Home America and remand to the Board with instruction to dismiss the administrative complaint against Home America.
In regard to the appeal of Bekiempis, we hold that the Board's final order is inadequate to withstand Section 120.57(1)(b)(9), Florida Statutes (1975), which provides:
The agency in its final order ... may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence... .
We have previously held that the Board may not enter a conclusionary rejection of the hearing officer's findings without stating with particularity which findings are rejected and why. Lewis v. Department of Professional Regulation, 410 So.2d 593 (Fla. 2d DCA 1982). See Kibler v. Department of Professional Regulation, 418 So.2d 1081 (Fla. 4th DCA 1982); Kout v. Department of Professional Regulation, 405 So.2d 435 (Fla. 3d DCA 1981). We now hold that the Board may not avoid this requirement by adopting by reference "supplemental findings" which directly conflict with those of the hearing examiner and then base the final order on the supplemental findings. The Board below never stated with particularity which findings were not based on competent, substantial evidence. It merely substituted its own findings by adopting the exceptions, in effect taking another view of the evidence reargued by the Department.
Accordingly, pursuant to section 120.68(13)(a)(1), we vacate the final order for violation of the particularity requirement of section 120.57(1)(b)(9) and remand with instructions to the Department to conduct such further proceedings necessary to produce a final order consistent with this opinion.
GRIMES, A.C.J., and DANAHY, J., concur.