450 So.2d 1194 (1984)
Clyde BAKER, Appellant,
v.
SCHOOL BOARD OF MARION COUNTY, Appellee.
No. 83-618.
District Court of Appeal of Florida, Fifth District.
May 10, 1984.
Rehearing Denied June 11, 1984.
Pamela L. Cooper of Fla. Teaching Profession  Nat. Educ. Ass'n, Tallahassee, for appellant.
Gary C. Simons of Savage, Krim, Simons & Fuller, P.A., Ocala, for appellee.
SCOTT, R.C., Associate Judge.
The crux of this case is whether Baker's dismissal on grounds of immorality and misconduct in office, under section 231.36(6), Florida Statutes (1981),[1] is supported by substantial, competent evidence.
Baker, an elementary school teacher, was arrested for possession of illegal alcohol and marijuana. The criminal charges were subsequently dismissed by the county court. The Professional Practices Council, an agency authorized to take disciplinary action against a teacher, found no probable cause for the suspension or revocation of Baker's teaching certificate. Nevertheless, the School Board refused to reinstate Baker and, after a hearing, found that Baker's conduct constituted immorality and misconduct in office. Thereupon, the School Board dismissed Baker from employment.
At the outset, we note that possession of marijuana has been held to constitute "immorality" *1195 under chapter 231, Florida Statutes. See Adams v. State Professional Practices Council, 406 So.2d 1170 (Fla. 1st DCA 1981). However, we must determine whether there is substantial, competent evidence that Baker possessed marijuana in order to conclude that he is guilty of immorality. See School Board of Nassau County v. Arline, 408 So.2d 706 (Fla. 1st DCA 1982).
The record here establishes that marijuana seeds were found by beverage agents in a dresser drawer in the office of a nightclub which was operated by Baker and his brother.[2] While Baker stated to the agents that he "was the manager and responsible for the marijuana," the county judge, in dismissing the charges against Baker, noted that Baker's statement was based upon a sense of responsibility to his brother and not upon personal knowledge of the presence of the marijuana. Baker's brother, when confronted with the marijuana, immediately acknowledged ownership of the illegal substance. In view of the absence of any evidence that Baker knew of the marijuana's presence in the drawer, substantial competent evidence did not exist establishing that he had constructive possession of the contraband. See Brown v. State, 428 So.2d 250 (Fla. 1983).
As to the possession of illegal alcohol, two opened bottles of liquor were found in the nightclub office. The office was upstairs and separate from the nightclub itself. The county court also dismissed this charge, finding a complete absence of evidence that the liquor belonged to Baker or that he knew it was on the premises. In light of this conclusion, we hold that no showing of immorality or misconduct in office was established on this ground.
The School Board argues that the record establishes that Baker's effectiveness as a teacher has been impaired at the elementary school where he taught and that this alone justifies his dismissal. While it is true that the school principal testified as to the impairment of Baker's teaching effectiveness, we must reject this argument, otherwise whenever a teacher is accused of a crime and is subsequently exonerated with no evidence being presented to tie the teacher to the crime, the school board could, nevertheless, dismiss the teacher because the attendant publicity has impaired the teacher's effectiveness. Such a rule would be improper. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
Because there is a lack of substantial, competent evidence to support the findings that Baker was guilty of immorality or misconduct in office, the Board's final order must be REVERSED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] This section provides in relevant part:

Any member of the district administrative or supervisory staff and any member of the instructional staff, including any principal, may be suspended or dismissed at any time during the school year; provided that the charges against him must be based on immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude.
[2] Baker's brother apparently used the office to sleep in from time to time.