ZEHMER, Judge.
Appellants Gainesville Nursing Center, Jefferson Nursing Center, Lakeview Manor Nursing Home, and Cordes Health Care Management Corp., as operator of the homes, appeal a final order of the Department of Health and Rehabilitative Services *186 which disallowed, for Medicaid reimbursement purposes, certain items in appellants’ cost reports for each of the three facilities. Appellants raise four issues on appeal:
(1) Whether HRS erred in rejecting the hearing officer’s findings of fact and conclusions of law without identifying with particularity which findings were rejected and without stating specific reasons for rejecting such findings;
(2) Whether HRS erred in concluding that interest paid on a certain loan obtained for the purpose of refinancing an existing mortgage on certain of the nursing home properties was not an allowable expense for reimbursement;
(3) Whether HRS erred in rejecting the hearing officer’s findings relating to the proper cost to be used for calculating reimbursement due for depreciation and interest expense; and
(4) Whether HRS erred in rejecting the hearing officer’s finding that salary paid more than seventy-five days after the end of the reporting entity’s cost period was a reimbursable cost. We affirm on the last issue, but reverse on the remaining three issues.[1]
Appellants’ first issue is governed by section 120.57(l)(b)9, Florida Statutes (1983), which provides in part:
The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. (Emphasis supplied)
The final order sustained certain HRS exceptions to the hearing officer’s findings of fact relating to reimbursement for interest on a loan and allowable depreciation and interest expense, without stating that the agency had reviewed the complete record, without stating with particularity the specific findings of fact being rejected as not based upon competent, substantial evidence, and without stating that the proceedings on which' the findings were based did not comply with essential requirements of law. This statutory provision has been construed as requiring the agency to state with particularity which specific findings are rejected and why. Bekiempis v. Dept. of Professional Regulation, 421 So.2d 693, 694 (Fla. 2d DCA 1982); Kibler v. Dept. of Professional Regulation, 418 So.2d 1081, 1082 (Fla. 4th DCA 1982); Lewis v. Dept. of Professional Regulation, 410 So.2d 593, 594 (Fla. 2d DCA 1982). The HRS order merely substituted its own factual findings and conclusions for those of the hearing officer with respect to these issues. The appealed order does, however, comply with the statutory requirements in rejecting the hearing officer’s conclusion of law construing the “75-day rule” contained in section 906.4 of the Medicare Provider Reimbursement Manual as permitting reimbursement of the claimed salary expense.
Ordinarily, we would reverse and remand this case for further proceedings with directions to comply with the procedural requirements of section 120.57(l)(b)9. Our review of the record, however, convinces us that no further proceedings are necessary to resolve the substantive issues presented.
Addressing the merits of the second issue, the record contains competent, substantial evidence to support the hearing officer’s findings regarding the loan from the Toronto Dominion Bank. The record shows that this loan, bearing thirteen percent interest, was obtained from the Canadian bank by Mr. Moyse as a representative of the nursing home corporations and that the proceeds were delivered to the bank holding the mortgage on the nursing homes and used to retire a note and mortgage which bore interest at twenty-one per *187 cent per annum. The record also reflects that each nursing home carried the Canadian bank loan on its accounting books as an obligation of the corporation and paid interest, when due, directly to the Toronto Dominion Bank. The record does not contain competent, substantial evidence to support the substituted finding by HRS that the interest payments should be treated as if made to Mr. Moyse, a principal shareholder of the corporations, and thus violate applicable regulations. Accordingly, that portion of the appealed order which disallows the interest payments on such loan as a reimbursable expense is reversed.[2]
Addressing the third issue, we find that the record contains competent, substantial evidence to support the hearing officer’s findings as to the correct depreciated reproduction costs to be used in calculating allowable reimbursement for depreciation and interest expense on the nursing homes. Such costs are amply supported by the testimony of appellants’ expert accounting witness, Mr. Connors, and the real estate appraisals received in evidence. We agree with the hearing officer’s conclusion that the record is completely devoid of competent evidence to support the depreciated costs used by HRS in its audit work papers as the basis for disallowing a substantial portion of the expense claimed by appellants. Accordingly, that portion, of the appealed order which rejects the hearing officer’s findings and conclusions on this item is reversed.
Regarding the last issue, we find that HRS was entitled to construe the 75-day rule, in a manner consistent with its practices and policy, as requiring that any unpaid salary accruing during the cost-reporting period of the nursing home and claimed as an allowable expense must be paid within seventy-five days of the close of the nursing home’s cost-reporting period. We find nothing in the regulations which would permit the substitution of the home office accounting period, which ended some six months later, to extend this limitation beyond seventy-five days after close of the reporting entity’s cost-reporting period. That portion of the appealed order sustaining exceptions to the hearing officer’s allowance of the salary expense is affirmed.
Accordingly, this cause is remanded with directions that HRS enter a corrected final order- consistent with this opinion. AFFIRMED in part, REVERSED in part, and REMANDED.
SMITH and BARFIELD, JJ., concur.

. Oral argument was noticed and held November 14, 1984, at which time the court heard argument by appellants' attorney. Appellee made no appearance.

. The final order also rejected the hearing officer’s conclusion that principal payments should be allowed as a reimbursable expense. Appellants do not question this ruling, and our decision does not disturb it.