481 So.2d 953 (1986)
Joseph FOREHAND, Appellant,
v.
SCHOOL BOARD OF WASHINGTON COUNTY, Appellee.
No. BF-423.
District Court of Appeal of Florida, First District.
January 7, 1986.
*954 Philip J. Padovano, Tallahassee, for appellant.
J. David Holder, Tallahassee, for appellee.
ERVIN, Judge.
Forehand appeals from a final order of the Washington County School Board (School Board), dismissing him from his continuing contract of employment as a teacher in the Washington County School system. He raises five issues on appeal. We address only two of them, finding both require reversal.
The Superintendent of Schools' petition for dismissal alleged that Forehand was guilty of the manufacture, cultivation and possession of approximately 10 marijuana plants on or about April 7, 1982, thereby constituting immorality and misconduct in *955 office, justifying dismissal. The School Board suspended Forehand without pay pending a formal hearing before a hearing officer of the Division of Administrative Hearings within the Department of Administration.
At the hearing, Police Chief Poole of the City of Bonifay testified that on April 5, 1982, he observed marijuana plants growing in a vegetable garden on premises occupied by Forehand and his mother, and took photographs of the plants. The photographs were admitted into evidence. On April seven, Poole returned to the premises and once again observed the marijuana plants. Later that day he returned with a police officer, at which time he saw Forehand watering around what appeared to him to be marijuana plants. Photographs were again taken. At the hearing, Poole admitted that there were other plants in the vegetable garden, but stated that Forehand was watering the garden in an area where the marijuana plants had previously been seen. Poole also acknowledged that he could not identify the plants in the garden as marijuana plants from photographs taken on the later date, even though he could do so from the photographs which had been taken on April five. On the evening of April seven, at about 7:00 p.m., Poole and an assistant police chief returned to Forehand's residence with a search warrant, and searched the garden and other areas, but found no marijuana. When Poole executed the warrant, appellant, his mother, his sister-in-law and her three children were at the home. Access, moreover, to the garden was not confined solely to Forehand and his mother.
At the disciplinary hearing, a Florida Department of Law Enforcement (FDLE) agent, trained in the identification of marijuana, testified that the plants depicted in the photographs taken on April the fifth were probably marijuana plants, but he was unable to identify the plants shown in the photographs later taken as marijuana. Forehand admitted that he had several vegetables in his garden, such as tomatoes and squash, but denied planting any marijuana, or having any knowledge of the marijuana seen by Poole in his garden.
The hearing officer recommended that the administrative complaint be dismissed, and Forehand reinstated with full back pay, upon finding that Forehand was not in possession of any of the marijuana as alleged in the petition. The School Board's final order adopted the hearing officer's findings of fact as modified by the Board's exceptions, rejected the hearing officer's conclusions of law, and dismissed Forehand from his position.
Among other issues, Forehand argues on appeal that the School Board erred in substituting its own findings of fact for those of the hearing officer, and in finding that he was in possession of marijuana. We agree and reverse.
The law in Florida is well-established that an agency may not reject or modify the findings of fact of the hearing officer unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent, substantial evidence. See § 120.57(1)(b)(9), Fla. Stat. Neither can an agency "enter a conclusory rejection of the hearing officer's findings without stating with particularity which findings are rejected and why." Bekiempis v. Department of Professional Regulation, 421 So.2d 693, 694 (Fla. 2d DCA 1982) (e.s.); Cordes Health Care Management Corp. v. Department of Health and Rehabilitative Services, 461 So.2d 184 (Fla. 1st DCA 1984).
In the case at bar, the School Board's final order stated that it had accepted the hearing officer's findings of fact, as modified by the exceptions, thereby rejecting some of the hearing officer's findings. Specifically, the School Board's final order was based in part on its own finding that the police officers took photographs of appellant watering the marijuana plants as he worked in his garden. Such a finding is conspicuously absent from the hearing officer's recommended order. Rather, the hearing officer found that the evidence did *956 not establish that the plants that Forehand watered on April seven were in fact marijuana plants.
The Board in part based its conclusion that the plants which appellant was seen watering were marijuana by determining that the hearing officer had erred in requiring positive identification of the suspected marijuana. The Board stated that in an administrative disciplinary proceeding, no positive proof of identification of narcotics is required, as in criminal cases. If this were the only reason given by the officer for his recommendation, we could find merit in the Board's argument. The rule is clear that proof of the identity of marijuana need only be established in an administrative setting by lay testimony. Walton v. Turlington, 444 So.2d 1082 (Fla. 1st DCA 1984); Woodward v. Professional Practices Council, 388 So.2d 343 (Fla. 1st DCA 1980). The Board's order, however, mischaracterizes the effect of the recommended order. The findings in the Board's order disclose that the suspected marijuana was seen twice in the vegetable garden, once on April the fifth  at a time when appellant was neither present, nor then able to assert any direct dominion and control over the plants  and again on April the seventh, when appellant was seen in the garden weeding and watering plants in the immediate vicinity where the suspected marijuana was located. Although Chief Poole testified that he believed the plants which he saw on both dates to be marijuana, neither Poole nor the FDLE agent were able to identify the plants in the photographs taken on the latter date as marijuana. What the hearing officer did was reject Chief Poole's testimony that he observed marijuana plants on April the seventh because (1) the plants could not be identified from the photographs taken on that date as marijuana, and (2) the suspected marijuana was not available for testing. The hearing officer clearly has the authority to weigh the credibility of the witnesses, and resolve conflicts in testimony.
In essence, the School Board took a contrary view of the evidence relevant to the question of whether Forehand was observed watering and weeding around marijuana plants in the vegetable garden on April the seventh. In Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985), we observed:
If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer's role to decide the issue one way or the other. The agency may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion. We recognize the temptation for agencies, viewing the evidence as a whole, to change findings made by a hearing officer that the agency does not agree with.
(Emphasis supplied)
Furthermore, this case does not involve factual issues that are infused with policy considerations requiring agency expertise.[1]Westchester General Hospital v. Department of Health and Rehabilitative Services, 419 So.2d 705 (Fla. 1st DCA 1982); McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). The factual issue at bar  whether Forehand was seen watering marijuana plants on April 7, 1982  is susceptible to ordinary methods of proof, and, therefore, the general rule that the hearing officer's findings of fact must prevail, if supported by competent, substantial evidence, applies. Johnston v. Department of Professional Regulation, 456 So.2d 939, 943 (Fla. 1st DCA 1984); Westchester, 419 *957 So.2d at 708. Since the hearing officer's findings of fact are supported by competent, substantial evidence in the record, we must reverse the agency's order to the extent that it substitutes its own findings of fact for those of the hearing officer. "[I]t is settled Florida doctrine that the rule which ascribes effect to an agency's determination of ultimate `facts' on a subject about which it may rightfully claim expert insight ... is not applicable to disciplinary proceedings in general, and to ones like this which are based upon an alleged breach of a broad standard of conduct in particular." Cohn v. Department of Professional Regulation, 477 So.2d 1039, 1046 (Fla. 3rd DCA 1985) (emphasis supplied).
As an alternative basis for recommending dismissal of the charges against appellant, the hearing officer's order stated:
Even had the marijuana been properly identified through actual introduction or through introduction of test results or testimony concerning test results which led to a positive identification, the prosecution herein must fail in any event because of a failure to establish that the Respondent actually possessed the contraband substance.
The order variously speaks of appellant having access to the garden along with others, and in part refers to the fact that the evidence failed to show that appellant's occupancy of the premises was "exclusive". (emphasis supplied) The Board determined that the recommended conclusion was an erroneous statement of law, stating that "exclusive access to or control over the premises is not an essential element, even under the criminal case law, to establish that the Respondent had constructive possession of the marijuana plants." (emphasis supplied)
Although portions of the recommended order relate that appellant had neither exclusive access nor occupancy of the premises, the order correctly states the test for establishing joint possession or constructive possession of marijuana:
It is well settled that joint occupancy of premises where marijuana is found is insufficient to sustain a possession charge in the absence of direct evidence of knowledge and ability to maintain control over the contraband (even if marijuana had actually been proven to have been "found" on the premises.) Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967); Brown v. State, 428 So.2d 250 (Fla. 1983).
The hearing officer thereupon concluded that the evidence was insufficient to establish both appellant's knowledge and his ability to maintain control over the suspected marijuana. In so concluding, the hearing officer relied upon facts, specifically accepted by the Board, that others had access to the house and garden and had visited there from time to time. We consider that the hearing officer correctly followed the rule, used in criminal cases, requiring that "[i]f the premises where contraband is found is in joint, rather than exclusive, possession ..., knowledge of the contraband's presence and the ability to control it will not be inferred from the ownership but must be established by independent proof." Brown v. State, 428 So.2d 250, 252 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983) (e.s.); Rita v. State, 470 So.2d 80, 86 (Fla. 1st DCA 1985); Kresbach v. State, 462 So.2d 62 (Fla. 1st DCA 1984). This rule has also been applied to administrative disciplinary proceedings. See Baker v. School Board of Marion County, 450 So.2d 1194, 1195 (Fla. 5th DCA 1984).
In the case at bar, the evidence clearly establishes that appellant and his mother were in joint possession of the premises, and that others had access to the premises, including the garden area. It was necessary for the Board to show that Forehand "had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband." Brown, 428 So.2d at 252. Moreover, since the premises where the contraband was alleged to have been seen were in appellant's joint possession, proof of appellant's "knowledge of ... [its] presence *958 and ... [his] ability to control it will not be inferred from the ownership [or possession] but must be established by independent proof." Id. (emphasis supplied)
The hearing officer below resolved the conflicts in the evidence in appellant's favor by essentially finding a lack of independent proof that appellant had both knowledge of the suspected marijuana, and the ability to control it. Because there is competent and substantial evidence supporting the findings contained in the recommended order, the agency was not authorized to reject or modify those findings.
The Board's final order is reversed and the cause is remanded with directions that appellant be reinstated with back pay from the date of his suspension.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] If the ultimate facts are infused with policy insights requiring agency expertise, an agency may override a hearing officer's findings if the agency's findings are supported by competent, substantial evidence. Johnston v. Department of Professional Regulation, 456 So.2d at 943; Westchester General Hospital v. Department of Health and Rehabilitative Services, 419 So.2d at 708.