SHIVERS, Judge.
United Health, Inc. (United Health) appeals a final order of the Department of Health and Rehabilitative Services (Department), concluding that United Health’s request for formal administrative hearing was untimely filed. We reverse.
The record in this case indicates that on August 12, 1985, United Health received in its Wisconsin office a letter from the Department containing the findings of a Medicaid audit on several of United Health’s Florida nursing homes. According to Rule 10-2.36, Florida Administrative Code, a request for formal administrative hearing must be received by the Department within 30 days of receipt of the decision. United Health thus had until September 11, 1985, to file its request with the Department. By certified letter dated September 9, 1985, the Assistant Director of United Health sent the Department a request for administrative hearing to dispute some of the Department’s audit findings. Although the request was sent by certified mail, the post office failed to date stamp the receipt to indicate when the request was received in the Department’s central mail room. The request itself, however, was date stamped as having been received by the Office of Audit Services on September 12,1985, one day past the 30-day deadline. Based on that date, the Department entered a final order denying United Health’s request for hearing as untimely filed.
On March 17, 1986, United Health appealed the final order to this court and, on May 6,1986, we relinquished jurisdiction to the Department to conduct a hearing for the purpose of determining the receipt date of the request for hearing. After hearing testimony of several witnesses, the hearing officer issued a recommended order finding the Department had failed to establish a basis for denying the request for hearing. Specifically, the hearing officer held that the Office of Audit Services’ date stamp created a rebuttable presumption of untimeliness, but concluded that United Health had presented competent, substantial evidence to rebut the presumption. The Department rejected several of the hearing officer’s findings of fact and conclusions of law and, on November 10,1986, entered a final order concluding that the request for hearing was not timely filed.
After a thorough review of the record, we find that the Department erred in rejecting the hearing officer’s findings of fact and conclusions of law, and in substituting its own. As this court held in Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985):
Factual issues susceptible of ordinary methods of proof that are not infused with policy considerations are the prerogative of the hearing officer as the finder of fact. McDonald v. Department of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977). It is the hearing officer’s function to consider all of the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on compe *686 tent, substantial evidence. State Beverage Department v. Ernal, Inc., 115 So.2d 566 (Fla. 3d DCA 1959). If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer’s role to decide the issue one way or the other. The agency may not reject the hearing officer’s finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion.
Since the hearing officer’s findings of fact.and conclusions of law were supported by competent, substantial evidence and, since the issues involved in this case were not “dependent upon matters of opinion infused by policy considerations within the ambit of the agency’s expertise,” Hammond v. Department of Transportation, 493 So.2d 33, 35 (Fla. 1st DCA 1986), the Department’s final order is hereby reversed, and the matter is remanded with instructions that United Health be granted a formal administrative hearing.
REVERSED and REMANDED.
THOMPSON and NIMMONS, JJ., concur.