842 So.2d 1022 (2003)
Robert D. TEDDER, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D02-1612.
District Court of Appeal of Florida, First District.
April 22, 2003.
*1023 Petitioner pro se.
William L. Camper, General Counsel; Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
WEBSTER, J.
By a petition for writ of certiorari, Robert Tedder, an inmate of the state correctional system, seeks review of a final order entered by the trial court. That order denied Tedder's petition for writ of mandamus by which he challenged the Florida Parole Commission's order revoking his conditional release. Because we conclude that the trial court's order constituted a departure from the essential requirements of law, we grant the petition, quash the trial court's order, and remand for further proceedings applying the correct law.

I.
The documents attached to the Parole Commission's response to our order to show cause reflect the following. On March 26, 1997, Tedder was placed on conditional release for a term of four years and 11 months. One of the conditions of his release was that he not change his residence without securing the permission of his conditional release supervisor.
On August 9, 2001, Tedder's conditional release supervisor signed a violation report alleging that Tedder had moved without *1024 first obtaining her permission. According to the report, the supervisor had visited Tedder's residence on August 3, 2001. She observed that the curtains were drawn in all but one room, which "was empty." In addition, there was a note on the door "written to the landlord that stated that all the belongings would be out by Friday." A warrant was issued, and Tedder was arrested.
On September 28, 2001, Tedder had a hearing on the alleged violation. Following the hearing, the parole examiner found that the evidence failed to prove to her satisfaction that Tedder had, in fact, moved on August 3. Based on that finding, the examiner recommended that Tedder be reinstated to conditional release supervision. Notwithstanding the examiner's recommendation, the Parole Commission revoked Tedder's conditional release. It did so after reweighing the same evidence considered by the examiner, and finding that evidence sufficient to establish guilt as to the violation alleged.
Tedder then filed a petition for writ of mandamus in the circuit court. In his petition, he argued that the Parole Commission was not permitted to disregard the finding of the examiner because the finding was based on competent, substantial evidence. The trial court denied the petition, concluding that sufficient evidence had been presented at the revocation hearing to support the Parole Commission's decision to revoke Tedder's conditional release.

II.
"Although the Florida Parole Commission is an administrative agency, a special provision of the Administrative Procedure Act [§ 120.81(3)(a), Fla. Stat. (2002)] exempts inmate orders from review by appeal." Sheley v. Fla. Parole Comm'n, 703 So.2d 1202, 1205 (Fla. 1st DCA 1997) (criminal division en banc), approved 720 So.2d 216 (Fla.1998). In cases such as this, a petition filed in the circuit court, seeking a writ of mandamus, has become the accepted method by which one may obtain review of the Parole Commission's decision. Id. (citing cases). In such a case, "a petition for writ of mandamus in the circuit court takes the place of an appeal." Id.
Review of a circuit court's ruling in such a case may be sought by a petition for writ of certiorari. Id. at 1206. However, "[t]he scope of our review on such a petition for certiorari is limited to determining whether the trial court (1) afforded due process and (2) observed the essential requirements of law." Randall v. Fla. Dep't of Law Enforcement, 791 So.2d 1238, 1240 (Fla. 1st DCA 2001) (citing Sheley), review granted, 817 So.2d 849 (Fla.2002). A ruling constitutes a departure from "the essential requirements of law" when it amounts to "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla.1983). When considering such a petition for writ of certiorari, the court has only two optionsit may either deny the petition or grant it, and quash the order at which the petition is directed. It may not enter judgment on the merits, or direct the lower tribunal to enter any particular order. See Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 843-44 (Fla.2001) (citing cases). Assessing the trial court's order according to these rules, we conclude that it constitutes a departure from the essential requirements of law, and that we are, therefore, obliged to quash it.

III.
In his petition seeking a writ of mandamus in the trial court, Tedder argued that the Parole Commission was not *1025 permitted to disregard the finding of the parole examiner that he had not moved on August 3, as alleged in the violation report, because that finding was based on competent, substantial evidence. The trial court failed to address that argument. Instead, it denied the petition based on its conclusion that sufficient evidence had been presented at the revocation hearing to support the Parole Commission's decision to revoke Tedder's conditional release. In doing so, the trial court departed from the essential requirements of law.
It is a basic tenet of administrative law (subject to limited exceptions not pertinent here) that an agency may not reject a hearing officer's finding of fact that is supported by competent, substantial evidence. In what is perhaps the leading case on the topic, we said:
Factual issues susceptible of ordinary methods of proof that are not infused with policy considerations are the prerogative of the hearing officer as the finder of fact.... It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence.... If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer's role to decide the issue one way or the other. The agency may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion.
Heifetz v. Dep't of Bus. Reg., 475 So.2d 1277, 1281 (Fla. 1st DCA 1985) (citations omitted). Accord Gross v. Dep't of Health, 819 So.2d 997, 1001 (Fla. 5th DCA 2002) (noting that, "if there is competent substantial evidence to support the findings of fact in the record, the Florida courts ... have consistently held that the agency may not reject them, modify them, substitute its findings, or make new findings"); Asphalt Pavers, Inc. v. State Dep't of Transp., 602 So.2d 558, 561 (Fla. 1st DCA 1992); Greseth v. Dep't of Health & Rehab. Servs., 573 So.2d 1004, 1006-07 (Fla. 4th DCA 1991) (noting that, "where reasonable people could differ as to whether the employee was negligent in her duties as charged, [the agency] was bound by the hearing officer's reasonable inference of non-negligence based on the conflicting inferences arising from the evidence"); United Health, Inc. v. Dep't of Health & Rehab. Servs., 511 So.2d 684, 685-86 (Fla. 1st DCA 1987); Forehand v. Sch. Bd. of Washington County, 481 So.2d 953, 955-56 (Fla. 1st DCA 1986) (noting that "[t]he law in Florida is well-established that an agency may not reject or modify the findings of fact of the hearing officer unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent, substantial evidence").
In this case, it is apparent that the Parole Commission merely reweighed the evidence considered by the examiner, finding that evidence sufficient to satisfy it that Tedder had moved on August 3, as alleged. Because it is also apparent that the examiner's finding to the contrary was supported by competent, substantial evidence, the Parole Commission was not permitted to disregard the examiner's finding in favor of its own, and to revoke Tedder's conditional release on that basis.
In denying Tedder's petition for a writ of mandamus, the trial court did not follow *1026 the well-established law set out above. Instead, it focused exclusively on the Parole Commission's decision, concluding that it was supported by competent, substantial evidence. This, too, constituted a departure from the essential requirements of law because it is well-settled that whether the agency's findings are supported by competent, substantial evidence is irrelevant as long as those of the hearing officer are as well. See Gross, 819 So.2d at 1003 ("if the court concludes that both the administrative law judge's findings and the agency's substituted or modified findings are supported by substantial competent evidence, the findings made by the administrative law judge must prevail and the agency's order rejecting or modifying them must be reversed"); Westchester Gen. Hosp. v. Dep't of Health & Rehab. Servs., 419 So.2d 705, 708 (Fla. 1st DCA 1982) (when both the hearing officer's findings and those of the agency are supported by competent, substantial evidence, the former must prevail).

IV.
Based on the foregoing analysis, we conclude that the trial court departed from the essential requirements of law when it denied Tedder's petition for a writ of mandamus seeking reinstatement to conditional release status. As explained above, the relief we may grant is limited to quashing the trial court's order, which we now do. It appears that, but for the actions of the Parole Commission, Tedder's conditional release term would have ended more than a year ago. Accordingly, on remand, we direct the trial court to expedite its reconsideration of Tedder's petition.
ALLEN, C.J. and BROWNING, J., concur.