PER CURIAM.
Sidney Howard seeks certiorari review of the circuit court’s denial of his petition for writ of habeas corpus, in which he challenged the revocation of his conditional release supervision. We grant the petition, quash the circuit court’s order, and remand for reconsideration in light of Tedder v. Florida Parole Commission, 842 So.2d 1022 (Fla. 1st DCA 2003).
Howard was charged with violating the terms of his conditional release supervision when a urinalysis test conducted three days after his release from prison yielded a positive result for the presence of marijuana. He admitted at the revocation hearing that he had smoked marijuana approximately one week before his release from prison, unaware at the time that he *246 would be “on parole” following his release. The parole examiner accepted Howard’s testimony that his drug use occurred before he was placed on conditional release supervision, and thus found him not guilty of the alleged violation. Notwithstanding the examiner’s factual determination, the Parole Commission revoked Howard’s conditional release, finding that he had admitted his violation at the revocation hearing.
We conclude that the record presented to the circuit court does not support the conclusion that Howard admitted violating the terms of his conditional release supervision. Although the parole examiner’s written summary of the revocation hearing reflects that Howard entered a plea of “guilty” to the alleged violation, it is apparent from the substance of the summary that Howard was admitting only that he had used marijuana while still in prison and before being placed on conditional release. While the circuit court did not have the benefit of our decision in Tedder at the time it ruled, that decision makes it clear that the Parole Commission was not at liberty to reject the parole examiner’s factual finding that Howard’s misconduct occurred prior to his placement on conditional release supervision, or to otherwise interpret the evidence to fit its desired conclusion. Moreover, because Howard’s admitted misconduct occurred prior to entry of the order placing him on conditional release supervision, we reject the Parole Commission’s assertion that it may lawfully serve as a basis for revocation. Cf. Hinton v. State, 462 So.2d 583 (Fla. 2d DCA 1985); compare Stafford v. State, 455 So.2d 385 (Fla.1984).
Accordingly, the order denying Howard’s petition for writ of habeas corpus is quashed, and as in Tedder, we remand the matter to the circuit court for reconsideration. We further direct the circuit court to expedite its reconsideration of Howard’s petition.
VAN NORTWICK, PADOVANO and HAWKES, JJ., concur.