893 So.2d 598 (2005)
Paul W. MERRITT, Petitioner,
v.
James V. CROSBY, Secretary, Florida Department of Corrections, and Monica David, Chair, Florida Parole Commission, Respondents.
No. 1D04-2089.
District Court of Appeal of Florida, First District.
January 5, 2005.
Rehearing Denied February 22, 2005.
Paul W. Merritt, petitioner, pro se.
Louis A. Vargas, General Counsel, and Beverly Brewster, Assistant General Counsel, for respondent Department of Corrections, Tallahassee; Kim M. Fluharty, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, for respondent Florida Parole Commission, Tallahassee.
PER CURIAM.
Paul W. Merritt seeks certiorari review of an order of the circuit court denying his petition for writ of habeas corpus. In that petition, Merritt challenged an order of the Florida Parole Commission revoking his parole. We conclude that the circuit court departed from the essential requirements of law by denying habeas corpus relief, and therefore quash its order.
After having remained at liberty on parole for more than eight years, Merritt was alleged to have violated the terms of his supervision by committing a battery upon his girlfriend, Jeanice Pauldon. At his parole revocation hearing, Merritt admitted *599 that he and Pauldon had gotten into an argument, but testified that although she struck him a number of times, he did not hit her. A deputy sheriff testified that he was dispatched to Merritt's residence at 6:50 a.m. on the morning of the alleged incident, and arrived at that location 19 minutes later. According to the deputy, Pauldon told him that "Paul and she had been in an argument and that he had punched her and hit her several times." Pauldon had a raised welt to the forehead, a bloody nose, and a swollen lip, and she told the deputy that these injuries were a result of having been struck by her boyfriend Paul. Merritt was arrested on a charge of domestic battery, but that charge was ultimately dismissed due to Pauldon's unwillingness to testify. Pauldon likewise did not appear to testify at Merritt's parole revocation hearing.
At the conclusion of the revocation hearing, the hearing examiner found Merritt not guilty of the charged violation "based upon the lack of testimony and evidence to prove that the parolee [committed the alleged battery]." Despite this, the Parole Commission found Merritt guilty based upon the deputy's testimony and entered its order revoking parole. Merritt then sought habeas corpus relief in the circuit court, arguing among other things that the Parole Commission lacked the authority to reject the hearing examiner's finding of not guilty based solely on the deputy's hearsay testimony. Although the circuit court rejected this argument, we conclude that Merritt's claim in this regard was meritorious.
As we explained in Tedder v. Florida Parole Commission, 842 So.2d 1022 (Fla. 1st DCA 2003), the Parole Commission is not at liberty to reweigh the evidence considered by the hearing examiner in order to find a violation where the examiner's finding to the contrary is supported by competent, substantial evidence. A necessary corollary of this rule is that the Parole Commission likewise may not find a violation where the hearing examiner's finding that there was insufficient evidence on which to make a finding of guilt is supported by the record. The Parole Commission argues that it did not violate the dictates of Tedder because the hearing examiner's determination that Merritt was not guilty of the charged violation was in the nature of an erroneous conclusion of law rather than a finding of fact, but we need not address this distinction because however it is characterized, the examiner's conclusion was correct.
The sole evidence to support the Commission's finding of guilt consisted of the deputy's recitation of Pauldon's hearsay statement, but hearsay alone is not sufficient to sustain the revocation of parole. See Jones v. Florida Parole and Probation Commission, 348 So.2d 681 (Fla. 1st DCA 1977); see also § 120.57(1)(c), Fla. Stat. (2004). Implicitly recognizing this, the Commission argues that Pauldon's statement falls within either the "excited utterance" or "spontaneous statement" exception to the hearsay rule, and thus could serve as a substantive evidentiary basis for finding a violation. See § 90.803(1) and (2), Fla. Stat. (2004). However, the record is wholly devoid of any evidence to support this assertion. The rationale for these two closely related exceptions is that statements of this sort bear some indicia of trustworthiness because they were made before the declarant had any opportunity to contrive a false statement. See State v. Jano, 524 So.2d 660 (Fla.1988)(to qualify as an excited utterance, the statement must be made before there is time to contrive or misrepresent); J.M. v. State, 665 So.2d 1135 (Fla. 5th DCA 1996)(to qualify as a spontaneous statement, the statement must be made without the declarant first engaging in reflective *600 thought). As this court recently observed in Blandenburg v. State, 890 So.2d 267 (Fla. 1st DCA 2004), as the interval of time between the event and the statement increases, so too does the opportunity for the declarant to engage in reflective thought. Here, at least 20 minutes passed before Pauldon made her statement, which was ample time for her to engage in a reflective thought process, and the record is otherwise devoid of any indication that she remained under the stress of the alleged event and had not regained her composure by the time she spoke to the deputy. Compare Lopez v. State, 29 Fla. L. Weekly D2580 (Fla. 1st DCA Nov.17, 2004). We thus reject the Parole Commission's contention that Pauldon's statement constituted either an excited utterance or spontaneous statement.
In accordance with the foregoing, the order denying Merritt's petition for writ of habeas corpus is hereby quashed, and the matter is remanded for expedited proceedings consistent herewith.
PETITION GRANTED, ORDER QUASHED, and REMANDED.
ALLEN, VAN NORTWICK and PADOVANO, JJ., concur.