THOMAS, J.
Dissenting.
I respectfully dissent. This court’s holding in Merritt v. Crosby, 893 So.2d 598 (Fla. 1st DCA 2005), does not control our decision in this case because there we stated that “the sole evidence to support the Commission’s finding of guilt consisted of the deputy’s recitation of Pauldon’s hearsay statement, but hearsay alone is not sufficient to sustain the revocation of parole.” Id. (emphasis added). In this case, the Parole Commission specifically relied on the deputy sheriffs observation of the victim’s injuries, and this evidence is not hearsay. The deputy’s observations are circumstantial evidence which corroborate the victim’s hearsay testimony that Petitioner battered her. Furthermore, identity is not at issue here. Petitioner himself admitted that he and the victim argued, but Petitioner denied striking the victim. This evidence could be rejected in part by the hearing examiner, who could find Petitioner’s attempted exculpatory testimony unworthy of belief. Thus, although the recited facts of Merritt appear to also contain similar evidence, apparently the Commission did not rely on such evidence, and this court’s holding in Merritt did not rely on such evidence. Thus, Merritt is distinguishable, as it relies on a legal principle that is not applicable here.
I would distinguish Merritt and address the question which we declined to answer in Merritt: Whether a parole examiner’s conclusion of evidentiary sufficiency presents a question of law? In my view, the parole examiner’s conclusion is a legal conclusion. See Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001)(en banc) (“Unlike a decision regarding the weight of the evidence, which has a subjective component, a ruling on the sufficiency of the evidence adjudicates an issue of law.”). I would deny the petition for writ of certio-rari because the Parole Commission has the authority to reject the examiner’s conclusions of law.
This court should address whether an issue of evidentiary sufficiency presents a *218 question of law or a question of fact. In Merritt, we briefly discussed this issue, but determined that we “need not address this distinction, because however it is characterized, the examiner’s conclusion was correct.” 893 So.2d at 599. In Merritt, this court stated that the Parole Commission relied solely on the assertion that the domestic violence victim’s testimony qualified as an excited utterance, and was sufficient substantive evidence to sustain Merritt’s revocation. Id. Such is not the case here. As noted above, the Commission here relied on substantive evidence which corroborated the victim’s hearsay testimony.
In Jones, this court held that in criminal cases the issue of evidentiary sufficiency presents a question of law on appeal reviewable de novo. 790 So.2d at 1197. Evi-dentiary sufficiency questions in criminal cases and in cases involving Commission decisions revoking parole or conditional release are similar questions of law, although a different legal standard applies. The existence of different legal standards does not transform the issue from one of law to one of fact. As this court noted in Jones, although a different standard applies on review of criminal convictions based solely on circumstantial evidence, the “sufficiency of the evidence is no less an issue of law....” Id. at 1196, n. 2. The question of evidentiary sufficiency to sustain a Commission’s action revoking parole or conditional release is an issue of law, not a determination of fact.
The Commission need only find by a preponderance of the evidence that the releasee committed the behavior which constitutes a crime. Even an acquittal in a criminal case does not preclude a Commission’s determination that a revocation should occur based on the same conduct. Cavalcante v. Fla. Parole & Probation Comm’n, 414 So.2d 658 (Fla. 1st DCA 1982); Rock v. State, 584 So.2d 1110 (Fla 1st DCA 1991). The reasonable doubt standard does not apply, and a releasee’s freedom is dependent on strict compliance with supervisory conditions. As recognized by the • United States Supreme Court, “the State has an overwhelming interest in being able to return the individual [parolee] to prison without the burden of a new ... criminal trial.” Morrissey v. Brewer, 408 U.S. 471, 495, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
I would deny the writ of certiorari because the trial court’s ruling did not depart from the essential requirements of law. The trial court found that the evidence of the deputy’s observation of the victim’s injuries was “consistent with her account of the attack [and the] Deputy’s direct observation of the injuries corroborated her account of the attack.” The Commission’s order recited this evidence. I cannot find that the trial court’s decision was a departure from law resulting in a miscarriage of justice. See Sheley v. Fla. Parole Comm’n, 703 So.2d 1202, 1206 (Fla. 1st DCA 1997) (criminal division, en banc), approved, 720 So.2d 216 (Fla.1998). Therefore, Petitioner cannot demonstrate entitlement to relief by writ of certiorari.
Petitioner asserts that the trial court departed from the essential requirements of law by determining that the Commission had the authority to reject the hearing examiner’s legal conclusion that Petitioner was not guilty of violating his conditional release. I agree with the trial court that where a hearing examiner concludes that evidence is insufficient to sustain a revocation, without making any specific factual findings, the Commission possesses the legal authority to reject the examiner’s conclusion. Although the better course would be for the Commission to remand the case back to the examiner for proper factual findings, that issue is not presented here *219 in light of the majority opinion granting the writ, which effectively requires the Petitioner’s release under the Commission’s supervision.
In section 947.141, Florida Statutes, the Legislature authorized the Commission, not a hearing examiner, to determine whether evidence exists to sustain a revocation of conditional release. I distinguish Tedder v. Fla. Parole Comm’n, 842 So.2d 1022, 1025 (Fla. 1st DCA 2003), where this court found that the Commission lacked lawful authority to reject an examiner’s specific factual determination that a conditional releasee had not moved from a residence without permission and had not violated his conditional release. Here, the Commission relied on testimony by a law enforcement officer who observed facial injuries to the woman who reported that Petitioner battered her. The hearing examiner did not in any way discredit or reject the officer’s testimony, and did not make any factual determinations regarding whether the injuries were caused by Petitioner or other causes.
The hearing examiner simply found the evidence in toto insufficient. This was a legal conclusion which the Commission was entitled to reject. See Jones, 790 So.2d at 1197. As this court reviews a trial court’s ruling on a judgment of acquittal de novo, the Parole Commission is authorized by section 947.141, Florida Statutes, to review a hearing examiner’s conclusion regarding sufficiency determinations de novo.
Because this case presents an important question, I address the underlying facts here and my legal analysis. Petitioner was sentenced in 1989 to a 20-year habitual felony offender sentence for delivery of cocaine and other felony convictions. In 2002, after accumulating incentive gain time, Petitioner was released early from his sentence under the Conditional Release Program. By operation of law, Petitioner remained under the supervision of the Florida Parole Commission until 2009, the termination date of the 20-year prison sentence. After his early release, Petitioner was arrested for an alleged act of domestic violence, a battery.
In 2003, the Commission charged Petitioner with a violation of his conditional release based on the alleged battery. Under section 947.141, Florida Statutes, the Commission is to conduct a hearing with a hearing examiner, who makes factual findings on the alleged violation. Section 947.141 provides that a “panel of no fewer than two Commissioners shall enter an order determining whether the charge of violation of conditional release ... has been sustained based upon the findings of fact[.]” (emphasis added). Unlike duties related to fact finding or other matters, the Legislature only authorized the Commission to make the ultimate decision of whether a person has violated conditional release, subject to judicial review by habe-as corpus petition in the circuit court and extraordinary review by certiorari in the appellate courts. Sheley v. Fla. Parole Comm’n, 703 So.2d 1202 (Fla. 1st DCA 1997) (Criminal Division, en banc), approved, 720 So.2d 216 (Fla.1998). Under Tedder, our scope of review is limited to a determination of whether the trial court afforded due process and observed the essential requirements of law. Tedder, 842 So.2d at 1024.
At the revocation hearing, the hearing examiner received the following evidence: Petitioner was arrested after the Orange County Sheriffs Offiee received a 911. call at 11:45 a.m. from a woman screaming for help. Upon arrival at the victim’s home, a deputy sheriff was flagged down by the victim, who described an assault by Petitioner. The victim stated that Petitioner struck her with a phone, tried to strangle her, and beat her with his fists. The *220 deputy observed cuts on the victim’s lip, along with scratches and abrasions on her neck and arm.
The victim did not testify at the hearing. The hearing examiner attempted to serve a subpoena on the victim and went to her home, but could not locate her. The State Attorney dismissed the criminal charge of domestic battery against Petitioner.
Two contradictory sworn statements by the victim were introduced at the hearing; the first statement was consistent with the victim’s 911 call, while the second statement asserted that her previous statement was fabricated and that she was on medication when she made the allegation. Petitioner’s attorney objected to the consideration of the victim’s statements as hearsay and also argued that the victim was not credible and had contradicted her first statement.
The deputy sheriff who responded to the 911 call testified at the hearing. The deputy sheriff noted his observations of the victim’s injuries. In addition, he testified that the victim stated that Petitioner battered her as described above. The deputy sheriff also testified that after Petitioner was located, he transported Petitioner, who acknowledged an argument with the victim. The deputy sheriff further testified that Petitioner stated he and the victim argued, but that he left the victim’s presence before any physical fight occurred. At the hearing, Petitioner testified that he argued with the victim but never touched her. He asserted that the victim’s injuries on her lip were caused by a cold sore and the scratches on her neck were caused by a hairnet. The hearing examiner’s “Summary of Testimony” recited the evidence at issue, and his “Findings and Evidence Relied Upon” stated: “Enter a finding of not guilty as to violation of Condition 7 .... because the evidence and testimony was not sufficient to support the validity of the allegation.” Under “Disposition Recommendation,” the hearing officer recommended a finding of not guilty on the charge of battery and that Petitioner be restored to conditional release. The examiner did not specify any factual findings regarding any witness’s credibility or whether he had accepted or rejected any evidence. Most significantly, the hearing examiner did not make any specific findings that evidence lacked credibility or that a violation was not supported by the record. Cf. Mabrey v. Fla. Parole Comm’n, 858 So.2d 1176 (Fla. 1st DCA 2003) (holding that the Commission was not entitled to reject examiner’s findings that conditional releasee was not guilty of charge of failure to pay restitution where no evidence was submitted regarding re-leasee’s ability to pay).
The Parole Commission reached a different conclusion regarding sufficiency of evidence and revoked Petitioner’s conditional release. The Commission based its conclusion on “the testimony of [the] Deputy Sheriff ... that he observed the female victim with scratches and abrasions on her neck and arm and a laceration of her lip indicated that the releasee had battered her.” The hearing examiner did not reject this evidence or question its evidentiary weight or value, but simply concluded that the evidence did not sustain a finding that Petitioner violated his conditional release.
Petitioner attempted to challenge the Commission’s action by filing a petition for writ of mandamus in the circuit court. Petitioner argued that the Commission unlawfully rejected its hearing examiner’s recommendation that Petitioner be released from prison and restored to conditional release, citing Tedder. In Tedder, this court granted a petition for writ of certiorari, -finding that the circuit court departed from the essential requirements *221 of law. 842 So.2d at 1026. There, we found that competent, substantial evidence existed to support the hearing examiner’s conclusion that the conditional releasee had not moved from his residence, in violation of his conditional release. Id. at 1025. Thus, this court found that the Commission could not substitute its findings for that of the hearing examiner’s conclusion, and revoke Mr. Tedder’s conditional release, regardless of whether competent, substantial evidence supported the Commission’s finding. Id. This court granted the writ of certiorari in Tedder because the trial court did not address the issue of whether the hearing examiner’s findings were supported by competent, substantial evidence, but only determined whether the Commission had received sufficient evidence to sustain its revocation of Mr. Ted-der’s conditional release. Id.
In this case, the trial court denied the petition for writ of mandamus, finding that the Commission “was justified in rejecting the hearing examiner’s conclusion that the evidence was ‘not sufficient’ because this conclusion involved a question of law reserved for the Commission.” The trial court found that the hearing examiner’s findings of not guilty are “not factual findings but ultimate conclusions of law, and in the absence of factual findings, the examiner’s conclusion of ‘not guilty’ constituted the recommendation contemplated by Rule 23-23.011(3)[I], Florida Administrative Code.” The trial court further concluded that the Commission “did not reweigh the evidence; it merely applied the law to the evidence set forth by the hearing examiner in the summary of the hearing[.]”
The Commission is entitled to reject recommended conclusions of law concerning whether evidence exists to sustain a finding that a conditional releasee violated the terms of his release under section 947.141, Florida Statutes. In addition, it is axiomatic that an administrative agency is entitled to disagree with recommended conclusions of law in areas within the agency’s expertise. See State Contracting & Engineering Corp. v. Dep’t of Transp., 709 So.2d 607, 609 (Fla. 1st DCA 1998) (finding that an agency need not defer to an administrative law judge on issues of law under Chapter 120). Additionally, an agency’s interpretation of its own statutes it must enforce is entitled to great deference by the courts. See Miles v. Florida A & M Univ., 813 So.2d 242 (Fla. 1st DCA 2002). The legislature has granted the Commission the authority and the responsibility to determine whether a conditional releasee has violated the terms of his supervision. The Commission is entitled to deference when reaching a conclusion of law that such a violation has occurred, based on record evidence not disregarded by the hearing examiner.
The trial court noted that an agency may reject or modify conclusions of law over which it has substantive jurisdiction under chapter 120, Florida Statutes, stating, “Here, the Commission, exercising its particular expertise, was engaged in interpreting applicable questions of criminal law, or at the least, a mixed question of law and fact.” The lower court ruled that “it is evident that the hearing examiner misapplied the law of evidence and believed there was insufficient evidence to sustain the charge of domestic battery.” The trial court concluded that “the legal sufficiency of evidence does not involve ‘©actual issues susceptible of ordinary methods of proof, unlike in Tedder where the issue was merely factual, i.e., whether the releasee had moved from his residence .... Here, the ultimate issue of whether the facts adduced at the hearing supported the legal conclusion that the Plaintiff was guilty of domestic battery was reserved to the Parole Commission, not the hearing officer.” (citation omitted) (emphasis in original).
*222 Section 120.81, Florida Statutes, specifically excludes state prisoners such as Petitioner as parties in administrative proceedings under Chapter 120 or from obtaining judicial review under section 120.68, Florida Statutes. Therefore, this court’s decision in Goin v. Commission on Ethics, 658 So.2d 1131 (Fla. 1st DCA 1995), is not applicable to my analysis here. In Goin, this court stated that “We must now consider whether the Commission on Ethics, by finding Goin guilty ... exceeded its authority as a Florida agency subject to the Administrative Procedures Act, chapter 120, Florida Statutes.” Id. at 1137 (emphasis added). This court stressed that the Ethics Commission was “subject to and must comply with the provisions of Chapter 120, Florida Statutes.” Id. at 1138 .(citations omitted). Furthermore, Goin involved a chapter 120 hearing officer’s determination that a person lacked the necessary knowledge that he committed a prohibited act. Knowledge, like criminal intent, goes to state of mind, which is clearly a question of fact. See, e.g., State v. Milton, 488 So.2d 878 (Fla. 1st DCA 1986) (holding that trial courts cannot grant motions to dismiss on basis of lack of intent, as trier of fact must determine defendant’s state of mind). This court’s decision in Goin simply recognized that the Ethics Commission could not reweigh a fact-finder’s determination that a person did not possess the state of mind necessary to sustain the Commission’s penalty.
Because the Parole Commission possesses the statutory authority to reject an examiner’s conclusion of law regarding evi-dentiary sufficiency, I would deny the Petition for writ of certiorari.