PER CURIAM.
This petition for writ of certiorari seeks review of administrative action taken by the Department of Corrections. See Sheley v. Florida Parole Comm’n, 720 So.2d 216 (Fla.1998). We grant the request for relief as to one issue, but deny the petition in all other respects.
Petitioner, an inmate, was found guilty of a disciplinary infraction concerning a mail violation. As punishment, petitioner received 30 days of disciplinary confinement and lost 60 days of gain time. He filed a petition for writ of mandamus in the *1140 circuit court arguing, among other things, that the loss of 60 days of gain time was illegal. The circuit court denied the petition for writ of mandamus.
Petitioner now seeks certiorari review. We find that petitioner was properly found guilty of the disciplinary infraction. However, the administrative rules of the Department of Corrections provide that the maximum penalty for a mail violation is 30 days of disciplinary confinement and the loss of 30 days of gain time. Fla. Admin. Code R. 33-601.314(9-14). Because the gain time forfeiture exceeded 30 days, petitioner is entitled to relief on that issue.
Accordingly, the order of the circuit court is hereby quashed and the cause is remanded for further proceedings. See Broward County v. G.B.V. Int’l, Ltd., 787 So.2d 838, 843-44 (Fla.2001) (holding that on second-tier certiorari review, the district court has only two options — it may either deny the petition or grant it, and quash the order under review, but the district court may not enter judgment on the merits, or direct the lower tribunal to enter any particular order); accord Tedder v. Fla. Parole Comm’n, 842 So.2d 1022 (Fla. 1st DCA 2003).
PETITION GRANTED IN PART, DENIED IN PART.
KAHN, VAN NORTWICK, and THOMAS, JJ., concur.